**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| THOMAS HOLLENSHEAD<br><br>   **PLAINTIFF,**<br><br>v.<br><br>NATIONAL RESIDENTIAL ASSETS CORP., BANK OF AMERICA, N.A., AND SOCA FUNDING, L.L.C.<br><br>   **DEFENDANTS.** | **CASE NO. 4:14-cv-00766-ALM** |

**DEFENDANT BANK OF AMERICA, N.A.'S
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

NOW COMES Defendant, Bank of America, N.A. ("BANA") and hereby answers and responds to the allegations contained in Plaintiffs' Original Petition, as follows:

**PARTIES**

1.    The assertions in paragraph 1 are no longer applicable since the case has been removed to federal court and no response is required.

**JURISDICTION AND VENUE**

2.    The allegations in paragraph 2 are admitted.

**PARTIES**

3.    The allegations in paragraph 3 relating to plaintiff are admitted.[1]

4.    BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 relating to defendant, National Residential Assets Corp. and, on that basis, denies those allegations.

---

[1] Plaintiff makes numerous allegations in unnumbered paragraphs throughout the petition. All references to paragraph number are simply to the numbered paragraph and defendant has attempted to identify the specific allegations it is responding to within that numbered paragraph.

5. The allegations in paragraph 3 relating to BANA are admitted.

6. BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 relating to defendant, SOCA Funding L.L.C. and, on that basis, denies those allegations.

7. BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 relating to defendant, National Residential Assets Corp. and, on that basis, denies those allegations.

8. The allegations in paragraph 4 relating to BANA are admitted.

9. BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 relating to defendant, SOCA Funding L.L.C. and, on that basis, denies those allegations.

## GENERAL FACTUAL BACKGROUND

10. BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 relating to Defendant, National Residential Assets Corp.'s current status with regard to the plaintiff's mortgage loan and, on that basis, denies those allegations.

11. The statements contained in paragraph 5 relating to loan servicers, generally, are not allegations of fact and no response is required.

12. The allegations in paragraph 5 as they relate to BANA's participation in the HAMP program are admitted. The remaining allegations characterizing of the purpose of the HAMP program constitute legal conclusions to which no response is required. To the extent those allegations contained in paragraph 5 refer to information contained in documents, regulations or statutes, said documents, regulations or statutes speak for themselves.

13. The allegations in paragraph 5 as they relate to plaintiff's qualifications for a loan modification, are denied.

14. The allegations in paragraph 5 relating to plaintiff being "shuffled through BANA's departments, are denied.

## SPECIFIC FACTUAL BACKGROUND

15. The allegations in paragraph 6 relating to the characterization of BANA as the original creditor are admitted. BANA denies the remaining allegations relating to the subsequent transfer of the mortgage to defendant National Residential Assets Corp.

16. BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 relating to plaintiff's financial condition in 2009 and, on that basis, denies those allegations.

17. BANA denies the allegations in paragraph 6 relating to correspondence directing plaintiff to contact the loan modification department.

18. BANA denies the allegations in paragraph 6 relating to BANA's encouragement to miss any loan payments in order to qualify for a loan modification.

19. BANA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 relating to plaintiff's understanding of BANA's policies relating to acceptance of payments when a loan is in default and, on that basis, denies those allegations.

20. BANA admits plaintiff is over 90 days in arrears on his loan. The remaining allegations in paragraph 6 are denied.

## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

21.     BANA admits the allegations in paragraph 7 that it is a servicer of federally regulated mortgage loans. BANA otherwise denies it violated RESPA or that any damages suffered by plaintiff as alleged in paragraph 7, were the proximate result of any of BANA's actions.

22.     BANA denies the allegations in paragraph 7 that it engaged in a pattern or practice of non-compliance with RESPA.

## VIOLATION OF FAIR DEBT COLLECTION ACT

23.     BANA denies the allegations in paragraph 8.

## VIOLATION OF THE TEXAS PROPERTY CODE

24.     BANA denies the allegations in paragraph 9.

## ATTORNEYS FEES, EXPENSES AND COSTS OF COURT

25.     BANA denies the allegations in paragraph 10.

## REQUESTED RELIEF

26.     BANA denies the allegations in paragraph 11 and denies that the plaintiff is legally entitled to any of the relief sought.

## PRAYER

27.     BANA denies plaintiff is entitled to any of the relief requested in his prayer for relief.

## AFFIRMATIVE DEFENSES

28.     Pursuant to Federal Rule of Civil Procedure 8(c), BANA reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Original Petition, without now assuming the burden of proof on any such defense that would otherwise rest on

Plaintiff. BANA further reserves the right to amend or supplement the responses to Plaintiff's Original Petition, as well as its affirmative defenses, as information is gathered through discovery:

### FIRST AFFIRMATIVE DEFENSE

29. Plaintiff's Original Petition fails to state a claim upon which relief can be granted and therefore Plaintiff's Original Petition should be dismissed with prejudice.

### SECOND AFFIRMATIVE DEFENSE

30. BANA pleads that any and all applicable Statute of Limitations bar the right of the Plaintiff to recover anything from BANA by way of Plaintiff's Original Petition.

### THIRD AFFIRMATIVE DEFENSE

31. Any acts or omissions by BANA were not a direct or proximate cause of the injury claimed by way of Plaintiff's Original Petition. Therefore, Plaintiffs' claims against BANA are barred.

### FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred because of her first and material breach of contract.

### FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any alleged (and denied) damages.

### SIXTH AFFIRMATIVE DEFENSE

34. BANA pleads all applicable statute(s) of frauds as a bar to Plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the applicable equitable doctrines of waiver, estoppel, laches, set-off, res judicata and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

36.     BANA conducted itself in conformity with all applicable laws and regulations; and BANA was and is entitled to fairly and lawfully exercise rights under the mortgage loan documents.

**NINNTH AFFIRMATIVE DEFENSE**

37.     BANA states that at all times relevant hereto it conducted itself in good faith.

**TENTH AFFIRMATIVE DEFENSE**

38.     Plaintiff has suffered no damages resulting from any conduct on the part of BANA. Rather, any purported damages are due to acts or omissions of other entities over which BANA had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

39.     BANA denies that all conditions precedent to a right of recovery have been satisfied.

**TWELFTH AFFIRMATIVE DEFENSE**

40.     BANA reserves the right to add additional affirmative defenses as the case proceeds and the facts and circumstances surrounding the case are revealed during discovery.

**WHEREFORE,** having fully responded to the allegations in Plaintiff's Original Petition, Defendant Bank of America, N.A. prays:

a.     That Plaintiff have and recover nothing of BANA by way of this action;

b.     That the Court dismiss Plaintiff's Original Petition with prejudice;

c.     That the Court award BANA its costs and attorney's fees as allowed law; and

d.     That the Court award such other further relief as it deems just and proper.

Respectfully submitted,

*/S/ Randall B. Clark*
**RANDALL B. CLARK**
Texas Bar No. 04294900
Federal Bar No. 3399
Email: rclark@mcguirewoods.com
600 Travis Street, Suite 7500
Houston, Texas 77002
(713) 571-9191
(713) 571-9652 Fax
**ATTORNEY-IN CHARGE FOR**
**DEFENDANT, BANK OF AMERICA, N.A.**

**OF COUNSEL:**
**MCGUIREWOODS LLP**
600 Travis Street, Suite 7500
Houston, Texas 77002

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically submitted the foregoing document(s) with the clerk of court for the U.S. Eastern District of Texas, Sherman Division, using the electronic case filing system of the court. I hereby certify that I have served all parties and counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Sharon M. Easley
2309 Coit Road, Suite C
Plano, Texas 75075
*Attorney for Plaintiff*

Saif Siddiqui
The Siddiqui Law Firm
3346 East T.C. Jester Blvd.
Suite F-11
Houston, Texas 77018

*/S/ Randall B. Clark*
**RANDALL B. CLARK**