# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS C. HOLLENSHEAD | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-766 |
| | § | Judge Mazzant |
| NATIONAL RESIDENTIAL | § | |
| ASSETS CORP, | § | |
| BANK OF AMERICA, N.A., | § | |
| and SOCA FUNDING, L.L.C. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Bank of America, N.A.'s Motion for Interlocutory Summary Judgment (Dkt. #9). The Court, having considered the relevant pleadings, finds that Defendant's motion should be denied.

On September 22, 2015, Defendant Bank of America, N.A. ("BANA") filed a Motion for Summary Judgment (Dkt. #9). No response was filed by Plaintiff.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which

facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**DISCUSSION AND ANALYSIS**

Plaintiff asserts three causes of action and also seeks recovery of his attorneys' fees, expenses and court costs. Plaintiff first asserts that BANA violated the Real Estate Settlement Procedures Act

2

by failing to respond to his qualified written requests. Plaintiff next asserts that BANA violated the Fair Debt Collection Practices Act ("FDCPA") by failing to cease collection activities when he notified BANA that he disputed the debt. Plaintiff also asserts that BANA violated the FDCPA by failing to inform him that it had transferred the servicing of his mortgage loan to another lender. Finally, Plaintiff alleges he never received notice the loan was transferred to another company or that BANA would be servicing that loan for the new company. Plaintiff alleges BANA has not provided any documentation showing that it has the authority to act for the new owner of the mortgage or that BANA has any authority to conduct a foreclosure sale. Plaintiff seeks a declaratory judgment that BANA has no authority to foreclose his mortgage and enjoining BANA from proceeding with foreclosure in this case.

After reviewing the summary judgment evidence and BANA's scant briefing, the Court finds that there are issues of fact remaining. Summary judgment should be denied. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Interlocutory Summary Judgment (Dkt. #9) is hereby **DENIED.**

**SIGNED** this 9th day of December, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE